JUSTICE COTTER
dissents.
*406 ¶112 I concur in Justice Nelson’s analysis of the Court’s misapplication of Rule 408.
¶113 As the Court notes at ¶ 16, the Bank amended its Complaint in 2001 to allege that the dispute with Potts had settled. As the Court further notes, the jury was asked to decide this very question. The Bank offered evidence to establish the settlement, but Potts was precluded from offering substantive documentary evidence to refute it. ¶114 The Court’s error becomes obvious from the very language it employs at ¶ 18, where the Court says in its Discussion of Issue 1: "It was incumbent on the Bank to affirmatively prove its claim that all issues between it and Potts had settled.” Precisely. The converse of this statement is equally, simplistically true: It was incumbent on Potts to establish that the issues between them had not been resolved through settlement. Potts, like any other litigant, is entitled to prove his claim or defense by direct or circumstantial evidence. Such evidence inarguably includes statements and writings from the opposing party that tend to refute its claim. This was the purpose of Potts’ offerings: to refute the Bank’s claim that the case was settled. It is mystifying to me how we could conclude that the Bank may offer proof that a settlement has occurred, but that Potts is precluded from offering his best evidence to refute that claim by the operation of Rule 408. Our decision is wrong. I too would reverse and remand for a new trial.